IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MALCOLM ALLINDER**                                                                                      **PLAINTIFF**

v.                                            **4:22-CV-00801-BRW**

**DOLLAR GENERAL CORPORATION**                                                    **DEFENDANT**

## ORDER

Pending is Plaintiff's Motion to Remand (Doc. No. 32). Defendant has responded.[1] For the reasons set out below, the motion to remand is DENIED.

### I.   BACKGROUND

Plaintiff's complaint alleges that Defendant filed to comply with the "Pre-Sale Availability Rule" of warranties, in violation of the Magnuson-Moss Warranty Act ("MMWA").[2]

Plaintiff filed his Complaint on July 6, 2022 in the Circuit Court of Lonoke County, Arkansas, alleging only violations of the MMWA.[3] On September 6, 2022, Defendant filed its Notice of Removal,[4] asserting jurisdiction under 28 U.S.C. 1332(d), under the Class Action Fairness Act of 2005 ("CAFA"). Plaintiff now seeks to remand the case to state court.

Plaintiff contends I lack subject matter jurisdiction over his claim under the MMWA, which contains some unique jurisdictional requirements for class actions brought in federal

---

[1] Doc. No. 34.

[2] Doc. No. 4; 15 U.S.C. §§ 2301, *et seq*.

[3] Doc. No. 3.

[4] Doc. No. 1.

court.[5] Alternatively, Plaintiff contends that remand is also appropriate because Defendant failed to meet the $5,000,000 amount-in-controversy threshold for CAFA removal.

## II.   DISCUSSION

### A.   Motion to Remand

Plaintiff asserts that "this Court lacks subject matter jurisdiction over Plaintiff's lone claim under MMWA" because her Complaint does not satisfy the MMWA's jurisdictional requirements and CAFA cannot provide an alternate basis for jurisdiction her claim.[6]

#### 1.   MMWA Jurisdiction Under CAFA

The MMWA provides:

> a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief--
> (A)   in any court of competent jurisdiction in any State or the District of Columbia; or
> (B)   in an appropriate district court of the United States, subject to paragraph (3) of this subsection.[7]

Plaintiff contends that cases in federal court brought under the MMWA only fall under subsection B, which includes the following specific jurisdictional requirements:

> (3)   No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection--
> (A)   if the amount in controversy of any individual claim is less than the sum or value of $25;
> (B)   if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or

---

[5]Doc. No. 33.

[6]Doc. No. 33.

[7]15 U.S.C.A. § 2310(d)(1)(A)-(B).

>   (C)  if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.[8]

Plaintiff asserts that remand is required under the MMWA because his lawsuit, as alleged in the Complaint, does not meet these standards.

Defendant contends that federal courts have jurisdiction under either subsection A or B in the appropriate circumstances, including removal under CAFA. The later-enacted CAFA provides for federal jurisdiction over diversity class actions when the amount in controversy exceeds $5 million and there are at least 100 named and putative plaintiffs.[9]

Plaintiff argues I should follow *Rowland v. Bissell Homecare, Inc.*, which held that "[t]he MMWA's stringent jurisdictional requirements are irreconcilable with CAFA," because "[a]llowing CAFA to govern MMWA class claims would undercut the MMWA's requirement and allow an MMWA class action to proceed in contravention of the MMWA."[10] Plaintiff also cites *Floyd v. Am. Honda Motor Co.*[11]

Defendant relies on *Leflar v. Target Corp.*[12] In that case, the Eighth Circuit "assume[d] without deciding that [I was] correct" when determining that if CAFA jurisdictional requirements were met, the case need not "independently meet" the "jurisdictional thresholds" of the MMWA.[13] Considering this, along with the holdings in *Barclay v. ICON Health & Fitness,*

---

[8]*Id.* at (d)(3)

[9]28 U.S.C. § 1332(d).

[10]73 F.4th 177 (3d Cir. 2023).

[11]966 F.3d 1027, 1035 (9th Cir. 2020) (holding that CAFA should not override or repeal the MMWA in the absence of clear legislative intent to do so. Ultimately, the court found CAFA did not replace the jurisdictional requirements of the MMWA, and affirmed dismissal of the plaintiffs MMWA claim for failure to satisfy its 100 named plaintiff jurisdictional requirement.).

[12]57 F.4th 600, 602 (8th Cir. 2023).

[13]*Id.* at n.1.

*Inc.*,[14] *Dack v. Volkswagen Grp. of Am.*,[15] and *Kuns v. Ford Motor Co.*,[16] I believe that satisfaction of the MMWA's jurisdictional requirements is not necessary in light of CAFA jurisdiction.

### 2. CAFA Jurisdiction

"Under CAFA, federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate; there is minimal (as opposed to complete) diversity among the parties, *i.e.*, any class member and any defendant are citizens of different states; and there are at least 100 members in the class."[17] The only disputed factor here is whether the amount in controversy exceeds $5,000,000.

If a defendant removes a civil action to federal court and "the notice of removal plausibly alleges, and the evidence shows, that the case *might* be worth more than $5 million (excluding interest and costs), then [it] belongs in federal court."[18] "If the defendant establishes by a preponderance of the evidence that the jurisdictional minimum is satisfied, then remand is appropriate only if the plaintiff establishes to a legal certainty that the claim is for less than the requisite amount."[19]

Defendant's declaration attached to its removal papers, response to the motion to remand, and the accompanying declaration establish that the overall cost of the requested injunctive relief

---

[14]No. 19-2970, 2020 WL 6083704, at *7 (D. Minn. Oct. 15, 2020) (finding "once plaintiffs have satisfied CAFA, the MMWA's additional requirements do not apply.).

[15]565 F. Supp. 3d 1135, 1143 (W.D. Mo. 2021).

[16]543 Fed.App'x 572, 574 (6th Cir. 2013) (holding that "the CAFA effectively supercedes the MMWA's more stringent jurisdictional requirements.").

[17]*Westerfield v. Independent Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010).

[18]*Leflar*, 57 F.4th at 603 (cleaned up) (emphasis in original).

[19]*Lizama v. Victoria's Secret Stores, LLC*, 36 F.4th 762, 765 (8th Cir. 2022).

and declaratory judgment *might* be above CAFA's amount-in-controversy threshold. With the addition of attorneys' fees, which Plaintiff seeks, it is all but guarantees that the case will exceed $5,000,000.

Without conceding that CAFA jurisdictional standards apply, Plaintiff argues that Defendant does "not convincingly prove that the matter in controversy exceeds the sum or value of $5,000,000."[20] Although Plaintiff pushes back, his burden, at this point, is to establish to a legal certainty that this case will not exceed $5,000,000. He has failed to meet his burden and this case is properly in federal court.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion to Remand (Doc. No. 32) is DENIED.

IT IS SO ORDERED this 11th day of August, 2023.

Billy Roy Wilson<br>
UNITED STATES DISTRICT JUDGE

---

[20] Doc. No. 33.